be true, did not render it obnoxious to an equivalent to 'a general demurrer' in the 'motion to strike.'" *Muller v. Bernstein,* 183 Ill. App. 154, 158.

We are of opinion, for the reasons herein stated, that the statement of claim set forth a contract that was not void for uncertainty or want of mutuality, and that the trial court erred in striking plaintiff's second amended statement of claim from the files and in dismissing suit at plaintiff's costs. The judgment of the Municipal Court is therefore reversed and the cause remanded.

*Reversed and remanded.*

---

**Emily Scott, Appellee, v. United Order of Foresters, Appellant.**

**Gen. No. 22,005.    (Not to be reported in full.)**

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 9, 1917. Rehearing denied February 19, 1917.

### Statement of the Case.

Action by Emily Scott, plaintiff, against United Order of Foresters, defendant, to recover $1,000 on a certificate of membership in defendant Order on account of the death of her husband. From a judgment for plaintiff for $1,000 on remittitur of $45, defendant appeals.

FRANK F. ARING, for appellant.

HOYNE, O'CONNOR & IRWIN, for appellee.

Mr. Justice McGoorty delivered the opinion of the court.

## Abstract of the Decision.

**1.** Insurance, § 120*—*when interpretation of contract favorable to insured will be adopted.* If a contract of insurance is susceptible of two interpretations, that one will be adopted which is most favorable to the assured.

**2.** Insurance, § 747*—*when member of fraternal insurance association is bound by constitutional amendments or subsequently enacted by-laws.* A member of a fraternal insurance association is bound by constitutional amendments or by-laws enacted after his admission to the association which impair the obligations of his contract on admission injuriously only when he in express terms agreed to be so bound, and in the absence of such express agreement his contract of membership cannot be impaired by subsequent changes effected by the association.

**3.** Insurance, § 747*—*when member of fraternal insurance association is not bound by subsequently enacted by-law.* Where a benefit certificate issued and delivered to a member of a fraternal insurance association on his admission provided that he assented to the by-laws of the association "prescribed from time to time" by the association, *held* that a subsequent by-law of the association did not become a part of his contract of insurance and that he would not be bound by it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.